NATHANIEL HOLMES, The (MILLS v.). See Case No. 9,613.

## Case No. 10,030.

### The NATHANIEL HOOPER.

[1 Hunt, Mer. Mag. 331.]

District Court, D. Massachusetts. 1839.

GENERAL AVERAGE—JETTISON—AFFREIGHTMENT— FULL FREIGHT—PART PROFITS—CHARTER PARTY —CARGO LIABLE TO DETERIORATE.

The ship Nathaniel Hooper sailed from Havana, in the island of Cuba, in June, 1838, with a cargo of sugars, to be carried to St. Petersburgh, via Boston. In the course of the voyage, about the 8th of July, 1838, she struck on the South Shoal, so called, of Nantucket Island, and was there left by the master and crew, after an unsuccessful jettison of part of the cargo, about one thousand boxes of sugar. She was left by her captain, and in this situation, being discovered by the brig Olive Chamberlain, a mate and part of the crew thereof were placed on board. The ship had suffered by striking on the shoal and leaked badly. She was put on the course for Boston, and afterwards fell in

with a fishing schooner, the Climax, from which the assistance of an additional crew was obtained, and the ship then reached Boston about the 11th of July, and before the master himself arrived, who came round by land. She was immediately libelled for salvage, and the cause was heard by Judge Davis, of the district court of the United States. The evidence in the case was very voluminous, making nearly one thousand folio pages, and eight days were occupied in reading it.

Messrs. Mason, C. G. Loring, Betton, Choate, Bartlett, and Brigham, for salvors.

C. P. & B. R. Curtis and Blair & Parsons, for respondents.

DAVIS, District Judge, made a decree, giving to the salvors one-half of the nett proceeds, reserving some points, made by the owners and insurers, arising out of the alleged misconduct and perjury of a portion of the salvors, as bearing upon another part of the case, and to be decided when the question of the division of the salvage was considered. The opinion was quite brief. The judge decided that the Nathaniel Hooper, though not derelict when the master and crew first left her, because they left with the purpose of return, yet became derelict when the master and crew afterwards gave up the pursuit of her, in the belief that she had sunk. And, being thus a case of derelict, he felt bound by recent decisions to apply the rule of one-half, as he considered this rule now so firmly established as to leave the court almost without a discretion in the matter, unless there were manifest reasons for reducing the salvage, of extraordinary force, which reasons he could not clearly perceive in this case. From this decree the owners and insurers claimed an appeal. But the parties subsequently agreed among themselves upon the amount of salvage, and the decree of the district court was modified accordingly, to the effect that the whole sum to be awarded as salvage of the ship and cargo should be $25,000, and that a further sum of $2,000 should be charged on the funds in court for fees of the libelants' counsel, whereof the sum of $1,000 was to be paid to the counsel of the libelants in the original libel, and a like sum of $1,000 was to be paid to the counsel of the libelants in the supplemental libel.[1] The costs of the cause to be charged on the funds in court.

## Case No. 10,031.

### The NATHANIEL HOOPER.

[See Case No. 10,032.]

[1] In the case of The Henry Ewbank [Case No. 6,376], decided in 1834 in this court, there were ten counsellors engaged, and they were allowed, by consent of parties, $5,000.